JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00920-CJC(MLGx)           Date: June 22, 2012

Title: <u>WELLS FARGO BANK, N.A. V. LORNA F. PIEDAD</u>


PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                      <u>N/A</u>
Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                           None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

      On February 17, 2012, Plaintiff Wells Fargo Bank, NA, a/k/a Wachovia Mortgage, a division of Wells Faro Bank, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") filed an unlawful detainer action against *pro per* Defendant Lorna F. Piedad in Orange County Superior Court, related to the property located at 39 Pheasant Lane in Orange County, California (the "Property"). (Dkt. No. 1.) In the Complaint, Wells Fargo alleges that it is the owner of the Property by virtue of a nonjudicial foreclosure sale that took place on January 11, 2012 and subsequent executed deed, which was recorded in the office of the County Recorder of Orange County. (Compl. ¶¶ 5–9 & Exh. A.) On January 13, 2012, Wells Fargo caused to be served on Ms. Piedad a notice to quit and deliver possession of the Property. (Compl. ¶ 10.) Wells Fargo alleges that Ms. Piedad failed to deliver up possession of the Property and is still residing there. (*Id.* ¶ 11.) Wells Fargo requests restitution of the Property and damages at the rate of $90.00 per day from February 13, 2012 as reasonable value of the use and occupancy of the Property. (*Id.* ¶ 13 & Prayer.) Ms. Piedad thereafter answered the Complaint. (Dkt. No. 1, Exh. 2.) On June 8, 2012, Ms. Piedad removed the instant action to this Court based on federal question and diversity jurisdiction. (Dkt. No. 1.)

      A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). The defendant removing the action to federal court bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00920-CJC(MLGx)　　　　　　　　　　Date: June 22, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332.  Cases may also be removed to federal court if they are civil rights cases within the meaning of 28 U.S.C. § 1443.  If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the Court must remand the action to state court. 28 U.S.C. § 1447(c).

　　　Ms. Piedad has failed to satisfy her burden of showing that this Court has either federal question or diversity jurisdiction.  In her Notice of Removal, Ms. Piedad alleges that Wells Fargo has violated federal and securities law.  However, a cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  This case appears to be a straightforward action for unlawful detainer, a state-law claim, brought against a California resident.  There are no federal claims asserted in the Complaint.  Nor does Ms. Piedad assert an adequate basis for removal under 28 U.S.C. § 1443, as she does not assert sufficient facts showing that that the California state court deprived her of her constitutional rights.

　　　Second, a district court has original "diversity" subject matter jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a state different than each defendant. *See id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch. 267) (1806)).  The citizenship of the parties is not evident from the face of the Complaint, and Ms. Piedad has not offered any evidence of her citizenship and that of Wells Fargo in her Notice of Removal.

　　　Therefore, the Court, on its own motion, hereby REMANDS this action to state court because the Court lacks subject matter jurisdiction.

jwp

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU